**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCRETIA HAGGERTY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASSOCIATED CREDIT SERVICES, INC.,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes LUCRETIA HAGGERTY ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of ASSOCIATED CREDIT SERVICES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4. Plaintiff is a consumer over the age of 18 residing in Solano County, California, which is located within the Eastern District of California.

5. As reflected on its website, Defendant is a third-party debt collector.[1] Defendant's principal place of business is located at 115 Flanders Road, Suite 140, Westborough, Massachusetts 01581. Defendant regularly collects upon consumers located within the State of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a defaulted debt for personal services ("subject debt") that Plaintiff purportedly owed to Six Flags Entertainment Corporation ("Six Flags").

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

---

[1] https://www.payacs.com/

9. Around the summer of 2020, Defendant began its collection campaign by contacting Plaintiff.

10. Defendant was attempting to collect an outstanding amount of around $1,540.26 for the subject debt.

11. Plaintiff was confused by the amount Defendant was attempting to collect as it was significantly higher than the outstanding balance on the relevant account.

12. Subsequently, Plaintiff expressed her concerns to Defendant and in response it claimed that the amount it was seeking to collect was provided by Six Flags.

13. Consequently, Plaintiff contacted Six Flags in order to confirm the outstanding balance of the subject debt.

14. Six Flags provided Plaintiff with the actual outstanding balance of the subject debt, which was noticeably less than the amount Defendant was attempting to collect.

15. Upon information and belief, the information Six Flags provided to Plaintiff was the same information it gave to Defendant when the subject debt was placed with Defendant for collection.

16. Frustrated and confused over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant further violated §1692e, e(2), e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to misrepresent the amount it was authorized to collect for the subject debt. Moreover, upon information and belief, Defendant falsely claimed that the amount it was seeking to collect was provided by Six Flags. Defendant's actions only served to worry and confuse Plaintiff.

### b. Violations of FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

29. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due. Any reasonable fact finder will conclude that Defendant acted unfairly when it attempted to collect an amount above and beyond the total balance due because Defendant was precluded from adding anything to the balance of the subject debt.

30. As pled in paragraphs 16 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LUCRETIA HAGGERTY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

33. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

34. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

35. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

36. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

37. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, LUCRETIA HAGGERTY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

| | |
|---|---|
| Dated: November 24, 2020 | Respectfully submitted, |
| | /s/Alejandro E. Figueroa |
| | Alejandro E. Figueroa, Esq. |
| | California Bar No. 332132 |
| | *Counsel for Plaintiff* |
| | Sulaiman Law Group, Ltd |
| | 2500 S Highland Ave, Suite 200 |
| | Lombard, IL 60148 |
| | Telephone: (630) 575-8181 Ext. 120 |
| | alejandrof@sulaimanlaw.com |